UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>DRAEGER CONSTRUCTION, INC., a California corporation; JOHN E. DRAEGER, an individual; and JOHN E. DRAEGER, TRUSTEE OF JOHN E. DRAEGER REVOCABLE TRUST, domiciled in California,<br><br>Defendants. | Case No.: 10-CV-04398-LHK<br><br>ORDER GRANTING PRELIMINARY INJUNCTION<br><br>(re: docket #14) |

On October 11, 2010, Plaintiff IFIC filed a motion for a preliminary injunction, Dkt. No. 14. At the October 26, 2010 hearing on the matter, Defendants stipulated to a preliminary injunction, and the Court ordered the parties to submit a joint proposed preliminary injunction order. *See* Dkt. No. 23.

**After reviewing the parties' submissions, the Court hereby finds as follows:**

A) The General Agreement of Indemnity ("Indemnity Agreement") contains the following provisions regarding the establishment of accounts for the deposit of designated trust funds:

> FIFTH: The Contractor [Defendant Draeger Construction], the Indemnitors [Defendant John Draeger] hereby consenting, agrees that all monies due or to become due under any contract or contracts covered by the Bonds [issued by Plaintiff on behalf of Defendants] are trust funds, whether in the possession of the

1

Case No.: 10-CV-04398-LHK
ORDER RE PROPOSED PRELIMINARY INJUNCTION

> Contractor or otherwise, for the benefit of persons performing labor or providing materials for projects covered by the Bonds and for payment of all obligations in connection with any such contract or contracts for which the Surety would be liable under any said Bond, which trust funds also inure to the benefit of the Surety for liability or loss it may have or may sustain under any said Bond, and further agrees to use such money for the purpose of performing the contract and discharging the obligations of the Bond and for no other purpose until the Bond is completely exonerated. . . .
>
> The Contractor shall, upon demand of the Surety and in implementation of the trust or trusts hereby created, open an account or accounts with a bank or similar depository designated by the Contractor and approved by the Surety, which account or accounts shall be designated as a trust account or accounts for the deposit of such trust funds, and shall deposit therein all monies received pursuant to said contract or contracts. Withdrawals from such accounts shall be by check or similar instrument signed by the Contractor and countersigned by a representative of the Surety. This Agreement and declaration shall constitute notice of such trust. Such trust or trusts shall terminate on the payment by Contractor or Indemnitors of all the contractual obligations for the payment of which the trust or trusts are hereby created or upon the expiration of 20 years from the date hereof, whichever shall first occur.

B)  IFIC demanded that Defendants establish trust fund accounts and IFIC made such a demand in good faith.

**Based on the foregoing findings, the Court ORDERS as follows:**

1)  All monies due or to become due under any contract or contracts covered by the Bonds furnished by IFIC on behalf of Defendants are trust funds ("Trust Funds"), whether in the possession of the Draeger or otherwise, for the benefit of persons performing labor or providing materials for projects covered by the Bonds and for payment of all obligations in connection with any such contract or contracts for which IFIC would be liable under any said Bond.

2)  On the Atria Valley View, California Lakepoint and Vista Greens Association projects, Defendants are enjoined to require the project owners[1] to issue joint check payments for all persons performing labor or providing materials for projects covered by the Bonds and for payment of all

---

[1] Plaintiff requested that Defendants notify their customers of this preliminary injunction.  This, however, is not required under the Indemnity Agreement entered into by the parties.  Moreover, it is potentially harmful to Draeger's business.  Draeger's stipulation that it will require customers to issue joint checks is sufficient assurance.

1   obligations in connection with any such contract or contracts for which IFIC would be liable under
2   any said Bond.[2]

3       3) On the Isle Cove and Viewpoint at the Ridge projects, Defendants are enjoined to open
4   an account or accounts with a bank or similar depository designated by Defendants and approved
5   by IFIC, which account or accounts shall be designated as a trust account or accounts for the
6   deposit of Trust Funds ("Trust Account"), and Defendants shall deposit therein all Trust Funds in
7   the possession, or that come into the possession, of Defendants.  Withdrawals from such accounts
8   shall be by check or similar instrument signed by Defendants and countersigned by a representative
9   of IFIC.  From the Trust Funds, Defendants are entitled to issue payments to all persons performing
10  labor or providing materials for projects covered by the Bonds and for payment of all obligations in
11  connection with any such contract or contracts for which IFIC would be liable under any said
12  Bond.  Each month, to the extent that a payment from an owner exceeds the direct costs of such
13  work, e.g. the monthly payment exceeds amounts due to persons performing labor or providing
14  materials for which payment was requested, or a balance remains in the Trust Account, Draeger
15  may withdraw Trust Funds for payment of reasonable overhead, which will be calculated based on
16  the proportion of bonded work to non-bonded work times the monthly overhead.  Principal
17  payments on debt shall not be considered as overhead but interest payments shall be.[3]

18      4) Defendants are enjoined to use Trust Funds for the purpose of performing the contracts
19  covered by the Bonds and discharging the obligations of the Bonds and for no other purpose until
20  the Bonds are completely exonerated.
21  ///
22  ///

---

[2] The Indemnity Agreement does not contemplate the use of joint check arrangements.  The Court finds that these joint check arrangements provide Plaintiff sufficient protection against harm.  As provided by the Indemnity Agreement, Defendants are to use funds from these projects "for the purpose of performing the contract and discharging the obligations of the Bond and for no other purpose until the Bond is completely exonerated."  Nevertheless, the Court will not place any other restrictions on the use of any excess funds from joint check projects.

[3] Under the Indemnity Agreement, Plaintiff has the right to approve use of funds once they are placed in the Trust Account.  Therefore, Plaintiff's proposal to limit the use of excess funds on the Isle Cove and Viewpoint at the Ridge projects to the payment of reasonable overhead, as defined in the preliminary injunction, is adopted.

3

Case No.: 10-CV-04398-LHK
ORDER RE PROPOSED PRELIMINARY INJUNCTION

5) Plaintiff shall post a $10,000 bond.[4]

**IT IS SO ORDERED.**

Dated: November 12, 2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[4] Defendants requested that Plaintiff post a bond as required by Fed. R. Civ. P. 65(c). Plaintiff stated that it was willing to post a bond if the Court required it.